

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MICHAEL GERALD GAMBOA, ) | Civil No. 17-1346 |
| Petitioner, ) | |
| ) | Petition For A Writ Of Habeas |
| v. ) | Corpus Submitted Pursuant To |
| ) | 28 U.S.C. § 2241 |
| PAUL THOMPSON, Warden, ) | |
| Respondent. ) | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Comes now the Petitioner, Michael Gerald Gamboa, pro se, and moves the Court for the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### Statement Of Relevant Facts

1. The Petitioner is currently confined within the Federal Correctional located at 2600 S. 2nd Street, Pekin, Illinois 61554.

2. The Petitioner is incarcerated within F.C.I. Pekin pursuant to the Judgment and Commitment Order of the United States District Court For The District Of North Dakota, Southeastern Division (Fargo), committing the Petitioner to the custody and control of the Federal Bureau of Prisons. See United States v. Gamboa, Case No. C3-02-47-01.

3. The Petitioner's current custodian is Paul Thompson, Acting Warden, who may be located at 2600 S. 2nd Street, Pekin, Illinois 61554.

4. The Petitioner is currently serving, inter alia, two (2) life terms of imprisonment for violations of 21 U.S.C. § 841(b)(1)(A) which were the result of the imposition of the statutory mandatory minimums found within 21 U.S.C. § 841(b)(1)(A) based upon three (3) prior convictions for a "felony drug offense" that had become final prior to sentencing. See Attached Judgment And Commitment Order, Exhibit No. 1.

5. The two (2) life sentences were imposed pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851, and were based upon three (3) prior "felony drug offenses" listed in the Government's "Information Regarding Prior Convictions For enahnced Sentence Pursuant To 21 U.S.C. § 851(a)(1)." See Exhibit No. 2.

6. The Supreme Court, in <u>Mathis v. United States</u>, 136 S.Ct. 2243, 2256-57 (2016), held that when determining whether a statute is "divisble" for enhancement purposes, the Courts must first determine whether the statute at issue defines elements describing multiple offenses, or whether such merely defines a single crimes elements that may be sustained by alternative "manners or means." <u>Id</u>. In doing so, the Supreme Court resolved a circuit split and overturned the Eighth Circuit's method for determining when a crime sets forth the elements of multiple, distinct crimes (and is therefore divisible) and/or whether such defines the elements of a single crime that can be violated by separate and distinct manners and means (and not "divisible").

7. For the reasons stated herein, the <u>Mathis</u> decision overruled binding Eigth Circuit precedent (after the Petitioner's direct appeal and first 28 U.S.C. § 2255 motion) and, in doing so, rendered the Petitioner's prior State convictions overbroad for enhancement purposes under 21 U.S.C. § 851(a)(1). The Petitioner, therefore, no longer possesses the requisite 21 U.S.C. § 851 (a)(1) priors necessary to the imposition of a mandatory life sentence.

## Law And Argument

1. The Court Has The Authority To Entertain A Writ Of Habeas Corpus That Challenges The Validity Of The Imposition Of A Statutory Mandatory Minimum Sentence Where, After The Petitioner's Direct Appeal And First 28 U.S.C. § 2255 Motion, The Supreme Court Has Announced (i) A Statutory Interpretation Case That (ii) Could Not Have Been Previosuly Invoked, (iii) That Is Retroactive, And (iv) Demonstrates That The Imposition Of The Statutory Mandatory Minimum At Issue Constitutes A Fundamental Defect That Has Resulted In A Miscarriage Of Justice

Section 2255 of Title 28, United States Code, provides a means by which a prisoner may bring a second, successive § 2255 petition if he invokes "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavaible," see 28 U.S.C. § 2255 (h)(2), but is silent on how a prisoner can challenge his sentence based on a new and retroactive "statutory" decision. See Light v. Caraway, 761 F.3d 809, 812-13 (7th Cir. 2014).

For this reason, the Seventh Circuit allows for a 28 U.S.C. § 2241 challenge based on a new statutory interpretation case by the Supreme Court, provided three (3) conditions are satisfied: First, the prisoner must show that he relies on a "statutory interpretation case" rather than upon "a constitutional case." Second, the prisoner must show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion. The third condition is that the "sentence enhancement [must be] a grave enough error to be deemed a miscarriage of justice therefore corrigible in a heabeas proceeding." Light, 761 F.3d at 812-13; See also Brown v. Caraway, 719 F.3d 583, 586-87 (7th Cir. 2013).

An erroneously imposed statutory mandatory minmimum constitutes a fundamental defect in the sentence that results in a miscarriage of justice corrigible, therefore, in a habeas proceeding instituted pursuant to 28

3

U.S.C. § 2241.  See Light v. Caraway, 761 f.3d 809, 813 (7th Cir. 2014)("We do not find, and the government does not raise, a limiting principle that would distinguish an erroneous application of a mandatory Guideline from an erroneous enhancement under [a statute], [which] would lead us to the conclusion tha the erroneous enhancement [under a statute] is not a cognizable claim fro collateral relief")(modified for context).  For that reason, working backwards, the third condition necessary to obtain § 2241 relief is present where, below, the Petitioner can demonstrate his sentence pursuant to a statutory mandatory minimum was erroneous.

Likewise, the second condition is satisfied because the Seventh Circuit has noted that a claim under Mathis v. United States, 136 S.Ct. 2243 (2016), as that raised here, is retroactively available because it is a "substantive Supreme Court rule" that must be applied retroactively to cases on collateral review.  See Jenkins v. United States, USCA7 Case No. 16-3441, 2106 U.S. App. LEXIS 23506 (7th Cir., Sept. 20, 2016); See also Narvaez v. United States, 674 F.3d 621, 625 (7th Cir. 2011)(controlling precedent indicating "subtantive rules of the Suprem Court" must be applied retroactively on collateral review); Montana v. Cross, 829 F.3d 775, 783 (7th Cir. 2016)(same).

The first condition necessary to obtain § 2241 relief is also established as the Seventh Circuit has recognized, authoritatively, that Mathis is a statutory interpretation case congnizable under 28 U.S.C. § 2241.  See Dawkins v. Unted States, 829 F.3d 549, 551 (7th Cir. 2016)

The Petitioner, therefore, satisfies all three (3) conditions necessary to obtain § 2241 relief for the reasons stated herein below.

2. Following Mathis, The Petitioner's Prior State Convictions Used To Enhance His Federal Drug Sentence No Longer Qualify As "Felony Drug Offenses" As Defined By 21 U.S.C. § 802(44)

The Petitioner was convicted under of two Counts involving 21 U.S.C. § 841(b)(1)(A)(viii) which states, in relevant part:

> "If any person commits a vioaltion of this subparagraph ... after two or more prior CONVICTIONS for a FELONY DRUG OFFENSE have become final, such person shall be sentenced to a mandatory term of life imprisonment without release..."

Id. (Emphasis added).[1]

Based upon the existence of two State prior convictions for State felony "drug offenses," the Government filed a Notice of Enhanced Penalty under 21 U.S.C. § 851(a)(1) (Exhibit No. 2) and the Court of Conviction imposed a statutory mandatory term of lifetime imprisonment on Counts One and Two. See Exhibit No. 1.

Post-Mathis, the Supreme Court has held that "[t]he first task for a sentencing Court faced with an alternatively phrased statute is thus to determine whether the listed items are elements or means." Mathis v. United States, 136 S.Ct. 2243, 2256 (2016). If they are "elements" as opposed to "means," the Court conducts a modified categorical approach to determine which of the alternative means played a part in the Defendant's prior conviction, and then compare the elements of that offense to the generic

5

---

[1] The Supreme Court has held that, "[b]y enhancing the sentence of a defendant who has [prior] 'convictions[,]' Congress indicated that the sentencer should ask only about whether 'the defendant had been convicted of crimes falling within certain categories,' and not about what the defendant had actually done." Mathis, supra. Thus, where 21 U.S.C. § 841(b)(1)(A)(viii) bases an enhancement upon what the Petitioner has previously been "convicted" of, the analysis to be employed in this case focuses only on the "elements" of his prior convictions and NOT how the Petitioner may have violated the State drug statutes qualifying him for enhancement under 21 U.S.C. §§ 841(b)(1)(A)(viii), 851(a)(1), and 802(44).
   The Supreme Court has interpreted the term "felony drug offense" used in 21 U.S.C. § 841(b)(1)(A) as being "exclusively" by the definition found at 21 U.S.C. § 802(44). See Burgess v. United States, 553 U.S. 124, 126 (2008).

generic definition that would qualify him for enhancement under federal law. <u>Mathis</u>, 136 S.Ct. at 2256.

If the Court finds that an alternatively phrased State statute instead sets forth multiple "means" of satisfying a single, broad "element," the Court has no call to determine which of the statutory alternatives were at issue in the earlier prosecution. <u>Id</u>.

With this "threshold" elements or means inquiry in mind, the Petitioner asserts that each of his prior State "drug convictions" (1) set forth alternative means by which a single element can be satisfied by demonstrating the Petitioner possessed <u>ANY</u> "controlled substance" found within the <u>State Drug Schedules</u> and, therefore, (2) are overbroad for enhancement purposes where the State Drug Schedules underlying the Petitioner's prior convictions include substances <u>NOT</u> found within the definition of a "felony drug offense" under 21 U.S.C. § 802(44).

To that end, the Petitioner asserts each of the prior convictions no longer qualify him for enhancement under 21 U.S.C. §§ 841(b)(1)(A)(viii), 851(a)(1) and 802(44).

3. The Petitioner's Prior Conviction For Violating Minnesota Statute § 152.096 (Conspiracy To Violate Minnesota's Drug Laws) Is An Alternative Means Statute That Includes (1) Non-Controlled (Look Alike) Substances, And (2) Substances That Do Not Fall Within The Definition Of 21 U.S.C. § 802(44) That, Therefore, Render The Minnesota State Prior Conviction Overbroad For Enahancement Purposes Under <u>Mathis</u>

As set forth in the Petitioner's Notice of Ehanced Penalties under 21 U.S.C. § 851(a)(1)(Exhibit No. 2), the Petitioner has a prior conviction for Conspiracy under Minnesota Statute § 152.096(1994 Ed.).

Minn. Stat. § 152.096 makes it a crime when "[a]ny person [] conspires to commit **any act prohibited by this chapter** [Minn. Stat. § 152]." <u>Id</u>.

6

Because the Conspiracy element may be satisfied by conspiring to commit any act prhibited by Minn. Stat. § 152, a conspiracy conviction in the year of the Petitioner's conviction would necessarily include substances that are NOT any substance recognized by any federal law (including 21 U.S.C. § 802(44)) merely because it looks like a substance controlled under State law or because a non-controlled and/or non-narcotic substance is "packaged in a manner normally used for the illegal delivery of controlled substances." See Minn. Stat. § 152.097, subdivision 1 (1994 Ed.).

Moreover, because the Petitioner's prior conviction under Minn. Stat. § 152.096 includes a conviction for ANY of the substances set forth in Minnesota's State Drug Schedules I-V, the Petitioner's prior Minnesota State drug conviction inlcudes substances that do NOT qualify him for enhancement under 21 U.S.C. § 841(b)(1)(A)(viii) and 21 U.S.C. § 851(a)(1) because the substances do not meet the criteria of 21 U.S.C. § 802(44) in light of Mathis.

The Petitioner's prior Conspiracy conviction under Minn. Stat. § 152.096 is, therefore, overbroad for enhancement purposes and no longer supports the Petitioner's statutory, mandatory lifetime term of imprisonment.

4. The Petitioner's Minnesota State Prior For A Conviction Under Minn. Stat. § 152.025, Subdivision 2(1), Is Overbroad For Enhancement Purposes In Light Of Mathis Because The Crime Of Possession Of A Controlled Substance In The Fifth Degree Presents A Single Element That May Be Satisfied By Possessing A Substance Controlled By Minnesota State's Drug Schedules I-IV And, Therefore, Includes Substances NOT Qualifying For Enhancement As A Felony Drug Offense Under 21 U.S.C. § 802(44)

As set forth in the Government's Notice of Enhanced Penalties under 21 U.S.C. § 851(a)(1)(Exhibit No. 2), the Petitioner has a prior conviction for possessing a Minnesota State Controlled Substance In The Fifth Degree under Minn. Stat. § 152.025, Subdivision 2(1).

7

Minn. Stat. § 152.025, Subd. 2(1), provides a single element making it a crime to possess ANY substance included within Minnesota State's Drug Schedules I-IV, making it an alternative means statute that may be satisfied by showinf the Petitioner committed the crime by possessing any substance in Schedules I-IV.

Because Minnesota's Drug Schedules I-IV included, in the year of the Petitioner's conviction, substances NOT constituting a substance meeting the definition of 21 U.S.C. § 802(44), the Minnesota prior is overbroad for enhancement purposes in light of Mathis. Compare Minnesota Drug Schedules, Minn. Stat. § 152.02 (1994 Ed.), with 21 U.S.C. § 802(44) (2003 Ed).

5. The Petitioner's North Dakota State Prior Conviction Under North Dakota Century Code § 19-03.1-23(1)(b) Is Overborad For Enhancement Purposes In Light Of Mathis Because The Prior Conviction Includes Conviction For Substances That Do Not Meet The Definition Of 21 U.S.C. § 802(44) To Qualify As A felony Drug Offense For Enhancement Purposes

As noted in Exhibit No. 2, the Petitioner has a prior conviction under N.D. Cent. Code § 19-03.1-23(1)(b), which contains a single element satisfied by demonstrating the petitioner, inter alia, possessed a North Dakota State Controlled Substance contained in its Drug Schedules I-III.

The Petitioner's conviction, therefore, involves a conviction based upon (1) substances NOT meeting the definition of 21 U.S.C. § 802(44), and (2) includes a conviction for "geometrical" and "positional" isomers that are specifically exempted from the definition of a felony drug offense under 21 U.S.C. § 802(44).

In particular, the term isomer under the North Dakota statute includes all isomers, including optical, geometrical, and positional isomers, whereas 21 U.S.C. § 802(44), which incoprorates by reference the definitions found at

21 U.S.C. §§ 802(9)(B) and 802(17)(D), excludes them from qualifying a prior conviction as a "felony drug offense."

Because this prior conviction includes substances falling within the definition of a felony drug offense under 21 U.S.C. § 802(44) (both the drugs listed explicitly and the geometrical and positional isomers of listed drugs but exempted under 21 U.S.C. § 802(44)), it is overbroad for enhancement purposes in light of Mathis.


6. The Petitioner's Lifetime Ban From Receiving Federal Benefits As Part Of His Sentence Pursuant To 21 U.S.C. § 862(a) Is, In Light Of Moncrieffe v. Holder, 133 S.Ct. 1678 (2013), And Mathis, Imposed Without The Requsisite Priors As (1) The Petitioner's Prior North Dakota Drug Delivery Elements Permit Conviction For Possessing A Small Amount Of Marijuana And Do Not Require Remuneration As An Element Necessary To Convict, And (2) The Petitioner's Minnesota Drug Priors Likewise Include Possession Of A State Controlled Substance As A Valid Basis To Convict And Otherwise Do Not Require An Element Of Remuneration So As To Qualify As A "Trafficking" Or "Distribution" Offense Under 21 U.S.C. 862(a)


As noted supra, the Petitioner has three priors. See Exhibit No. 1. The same three priors were used by the Court to impose the **otherwise unavailable** statutory penalty of a lifetime federal benefits ban under 21 U.S.C. § 862(a). See Judgment, Exhibit No. 1, id. Page 1 ("The defendant is sentenced as provided in pages 2 through 4 of this judgment."); See also Judgment, Exhibit No. 1, id. Page 4 ("Having determined that this is the defendant's third and subsequent conviction for distribution of controlled substances, it is ORDERED that the defendant shall be permanently ineligible for all federal benefits").

To qualify for a lifetime federal benefits ban, the Petitioner must have a third and subsequent CONVICTION for DISTRIBUTION of CONTROLLED SUBSTANCES.

As the Supreme Court held in Moncrieffe, supra, to qualify as a Controlled Substance Act offense the prior must involve both remuneration and NOT permit conviction for a small amount of marijuana. Id.

9

Likewise, because "conviction" is used in 21 U.S.C. § 862(a) to qualify a criminal defendant for the statutory penalty of a lifetime federal benefits ban, 21 U.S.C. § 862(a) refers to the elements of prior convictions, and NOT the conduct underlying the priors. See n.1, supra.

Moreover, because 21 U.S.C. § 862(a)(1) refers to "trafficking" and "distribution," a "commercial" element (i.e., remuneration) applicable to the prior offense must be present to distinguish the prior offense from mere "possession offenses" without remuneration that are NOT § 862(a)(1) predicates. See United States v. Williams, 541 F.3d 1087 (11th Cir. 2008).

This is true because the statute distingusihes between a 1 year ban for "possession" offenses, and a five, ten and lifetime ban for "trafficking" and/or a "distribution" offense.

Though it could be argued that the Petitioner's CONDUCT underlying his priors involved both drugs in excess of a small amount of marijuana and also involved remuneration, it cannot be said (in light of the use of the word CONVICTION in § 862(a) and the fact that the word CONVICTION means elements) that the Petitioner's prior convictions have as an element remuneration and/or involve more than a small amount of marijuana.

As the North Dakota and Minnesota statutes discussed above reveal, it is possible to be convicted under their drug statutes for mere possession offenses.

In light of the meaning given to the term CONVICTION, DISTRIBUTION and TRAFFICKING, andgiven the Mathis method for distinguishing from manners and means of commiting an offense and an offense's elements, the Petitioner is no longer statutorily eligible for a lifetime federal benefits ban as a part of his sentence based on his prior convictions. Thus his sentence execeeds that permitted by Congress when eneacting 21 U.S.C. § 862(a). See Williams, supra.

## Conclusion

Wherefore, the Petitioner respectfully requests his petition for a writ of habeas corpus be granted, and that his statutory mandatory minimum sentences of lifetime imprisonment on Counts One and Two be vacated and reset fro resentencing, and that the lifetime ban for federal benefits on page 4 of the Petitioner's Judgment and sentence be vacated and the Judgment amended accordingly.

*/s/ Michael Gerald Gamboa*
Michael Gerald Gamboa
Reg. No. 06940-059
Federal Correctional Institution
Post Office Box 5000
Pekin, Illinois 61555-5000

Petitioner / Pro Se

## Certificate Of Service

The Petitioner, Michael Gerald Gamboa, pro se, hereby swears under the penalty of perjury, 28 U.S.C. § 1746, that he has served the foregoing petition on counsel for the Respondent, the Office of the United States Attorney, One technology Plaza, 211 felton Street, Suite 400, Peoria, Illinois, 62606, by placing such in the U.S. Mail on this 24th day of July, 2017, to effect service and delivery in accordance with the Rules of this Court.

*/s/ Michael Gerald Gamboa*
Michael Gerald Gamboa
Reg. No. 06940-059
Federal Correctional Institution
Post Office Box 5000
Pekin, Illinois 61555-5000

AO 2458 (Rev. 8/96) Sheet 1 - Judgment in a Criminal Case

# United States District Court
### District of North Dakota
### Southeastern Division



FILED
JUN - 8 2006
EDWARD J. KLECKER, CLERK
U.S. DISTRICT COURT-NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**Michael Gerald Gamboa** | **JUDGMENT IN A CRIMINAL CASE**<br>Pursuant to Appellate Court Mandate<br>(USCA8) *Count 7 Reference deleted |

Case Number:   **3:02CR47-01**

USM Number:   06940-059

James Hovey, Grand Forks, ND
Defendant's Attorney

---

**THE DEFENDANT:**
was found guilty on count(s) _1, 2, 3, 4, 5, 6 and 7 of the Superseding Indictment_ after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such counts, which involve the following offenses:

| **Title & Section** | **Nature of Offense** | Date Offense<br>**Concluded** | Count<br>**Number(s)** |
|---|---|---|---|
| See next page. | | | |

The defendant is sentenced as provided in pages 2 through _4_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered the defendant shall pay to the United States a special assessment of $600, for Counts 1, 2, 3, 4, 5, and 6, which shall be due immediately. Special assessment shall be made to the Clerk, U.S. District Court, Quentin N. Burdick U.S. Courthouse, 655 1st Avenue North, Suite 130, Fargo, North Dakota 58102

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

April 16, 2003
Date of Imposition of Judgment

*/s/ Rodney S. Webb*
Signature of Judicial Officer

**RODNEY S. WEBB**, United States District Judge
Name & Title of Judicial Officer

June 7, 2006
Date

Ex. No. 1




AO 245B (Rev. 8/96) Sheet 1 - Judgment in a Criminal Case

CASE NUMBER: 3:02CR47-01                               Judgment - Page 2 of 4
DEFENDANT: Michael Gerald Gamboa

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 USC 846 | Conspiracy to possess with intent to distribute methamphetamine, (Schedule II controlled substance) | September 2002 | 1 |
| 21 USC 841(a)(1) | Possession with intent to distribute methamphetamine (Schedule II controlled substance) | | 2 |
| 21 USC 844(a) | Simple possession of cocaine (Schedule II controlled substance) | | 3 |
| 18 USC 924(c)(1)(A) | Using and carrying firearms during and in relation to a drug trafficking crime | | 4 |
| 18 USC 924(c)(1)(A) | Possession of firearms in furtherance of a drug trafficking crime | | 5 |
| 18 USC 924(g)(1) | Possession of firearms and ammunition by a convicted felon | | 6 |

(No Count #7)

AO 245B (Rev. 8/96) Sheet 2 - Imprisonment

CASE NUMBER: 3:02CR47-01        Judgment - Page 3 of 4
DEFENDANT: Michael Gerald Gamboa

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of :

Count 1: Life in Prison; Count 2: Life in Prison; Count 3: Term of 90 days; Count 4: Term of 30 years; Count 5: Term of life in prison; Count 6; Term of 10 years Terms of imprisonment for Counts 1,2,3, and 6 shall run CONCURRENTLY; Count 4 term of imprisonment to run CONSECUTIVELY; Count 5 term of imprisonment to run CONSECUTIVELY to the sentence imposed on Count 4

The defendant is remanded to the custody of the United States Marshal.

[ ]    The defendant shall surrender to the United States Marshal for this district.
      [ ] at ___ on ___.
      [ ] as notified by the United States Marshal.

[ ]    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
      [ ] before _ on ___.
      [ ] as notified by the United States Marshal.
      [ ] as notified by the Probation or Pretrial Services Officer.

## RETURN

I have executed this judgment as follows:

Defendant delivered on 4/28/14 to FCI Pekin

at Pekin IL , with a certified copy of this judgment.

                                   UNITED STATES MARSHAL

                     By _____
                                 Deputy U.S. Marshal

AO 245S (Rev. 3/95) Sheet 7 - Denial of Federal Benefits

CASE NUMBER: 3:02cr47-01
DEFENDANT: Michael Gamboa

Judgment - Page 4 of 4

# DENIAL OF FEDERAL BENEFITS
(For Offenses Committed on or After November 18, 1988)

## FOR DRUG TRAFFICKERS PURSUANT TO 21 U.S.C. § 862(a)

It having been determined that this is the defendant's third or subsequent conviction for distribution of controlled substances,

IT IS ORDERED that the defendant shall be permanently ineligible for all federal benefits.

Pursuant to 21 U.S.C. §862(d), this denial of federal benefits does not include any retirement, welfare, Social Security, health, disability, veterans benefit, public housing, or other similar benefit, or any other benefit for which payments or services are required for eligibility. The clerk of court is responsible for sending a copy of this page and the first page of this judgment to:

U.S. Department of Justice, Office of Justice Programs, Washington, DC 20531

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Criminal No. C3-02-47 |
| -vs- | ) | <u>INFORMATION REGARDING PRIOR CONVICTIONS FOR ENHANCED SENTENCE PURSUANT TO 21 U.S.C. § 851(a)(1)</u> |
| MICHAEL GERALD GAMBOA, | ) | |
| Defendant. | ) | |

The United States of America, by Drew H. Wrigley, United States Attorney for the District of North Dakota, and Keith W. Reisenauer, Assistant United States Attorney, pursuant to Title 21, United States Code, Section 851(a), hereby provides notice of previous convictions that the United States will rely upon at sentencing to enhance the minimum mandatory sentences applicable under Title 21, United States Code, Section 841(b)(1), if the defendant is convicted or pleads guilty.

Attached and incorporated into this Notice are certified copies of documents relating to the prior convictions of Michael Gerald Gamboa for three felony drug offenses as defined in Title 21, United States Code, Section 802(44).

The prior convictions are:

1) **Conspiracy** - File No. K7-96-795 in Polk County District Court, Minnesota, a felony drug offense under Minnesota Statute, Section 152.096, subdivision 1, on October 11, 1996.

Ex. No. 2

2) **Controlled Substance Crime in the 5th Degree** - File No. K7-96-795 in Polk County District Court, Minnesota, a felony drug offense under Minnesota Statute, Sections 152.025, subdivisions 2(1) and 3(a), and 609.05 subdivision 1 on October 11, 1996.

3) **Delivery of a Controlled Substance** - File No. 18-96-K-00619/001 in Grand Forks County District Court, North Dakota, a felony drug offense under North Dakota Century Code, Sections 19-03.1-05(5)(t), 19-03.1-23(1)(b), and 12.1-32-01(3) on October 23, 1996.

In Count One of the Indictment, the defendant is alleged to have conspired to possess with intent to distribute and distribute in excess of 50 grams of methamphetamine and 500 grams of a mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Section 846. In Count Two of the Indictment, the defendant is alleged to have possessed with intent to distribute in excess of 50 grams of methamphetamine and 500 grams of a mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1). The penalty section for these violations is found in Title 21, United States Code, Section 841(b)(1)(A)(viii). Pursuant to this statute, if convicted, the defendant faces a minimum mandatory 10 year sentence. The statute further reads:

> If any person commits such a violation after a prior
> conviction for a felony drug offense has become final, such
> person shall be sentenced to a term of imprisonment which
> may not be less than 20 years and not more than life
> imprisonment . . . a fine not to exceed the greater of twice
> that authorized in accordance with the provisions of Title 18,
> or $8,000,000 if the defendant is an individual . . . If any
> person commits a violation of this subparagraph or of section
> 849, 859, 860, or 861 or this Title after two or more prior
> convictions for a felony drug offense have become final, such
> person shall be sentenced to a mandatory term of life
> imprisonment without release and fined in accordance with
> the proceeding sentence.

In Count Three of the Indictment, the defendant is alleged to have possessed a mixture and substance containing a detectable amount of cocaine HCl, in violation of Title 21, United States Code, Section 844(a). The penalty section for this violation is found in Title 21, United States Code, Section 844(a). Pursuant to Section 844(a), if convicted, the defendant faces a maximum one year sentence. The statute further reads:

> If any person commits such a violation after a prior
> conviction . . . for any drug, narcotic, or chemical
> offense chargeable under the law of any State, has
> become final, such person shall be sentenced to a term
> of imprisonment for not less than 15 days but not more
> than 2 years, and shall be fined a minimum of $2,500,
> except, further, that if he commits such offense after two
> or more prior convictions . . . for any drug, narcotic, or
> chemical offense chargeable under the law of any State,
> . . . , have become final, he shall be sentenced to a term
> of imprisonment for not less than 90 days but not more
> than 3 years, and shall be fined a minimum of $5,000.

3

Therefore, the United States respectfully submits that upon conviction on Counts One and/or Two of the Indictment, defendant Michael Gerald Gamboa is subject to the mandatory penalty of life imprisonment without release and a fine of $8,000,000 pursuant to 21 U.S.C. § 841(b)(1)(A)(viii); upon conviction on Count Three of the Indictment, defendant Michael Gerald Gamboa is subject to the mandatory penalty of 90 days imprisonment without release, a term of imprisonment of up to 3 years, and a fine of $5,000 pursuant to 21 U.S.C. § 844(a).

Dated August 21, 2002.

                DREW H. WRIGLEY
                United States Attorney

By: *[signature]*
                KEITH W. REISENAUER
                Assistant United States Attorney
                Quentin N. Burdick United States Courthouse
                655 First Avenue North - Suite 250
                Fargo, ND 58102-4932
                (701) 297-7400
                N.D. Bar Board ID No. 03885
                Attorney for United States



06940-059
Michael Gamboa
REG NO. 06940-059
Federal Correctional Institution
PO BOX 5000
Pekin, IL 61555
United States

⇨ 06940-059 ⇦
Clerk Of Court
U.S. District Court
100 NE Monroe ST
Room 309
Peoria, IL 61602
United States

RECEIVED
JUL 24 2017
FCI PEKIN
MAIL ROOM

Clerk of Court
S.S. District Court
100 N.E. Monroe Street
Room 309
Peoria, Illinois 61602

Special Legal Mail