UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MICHAEL GERALD GAMBOA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 17-cv-1346 |
| | ) |
| STEVE KALLIS, Warden, | ) |
| | ) |
| Respondent. | ) |

**ORDER AND OPINION**

Now before the Court is Petitioner Michael Gerald Gamboa's ("Petitioner" or "Gamboa") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1).[1] For the reasons set forth below, Gamboa's Petition is DENIED.

**I. BACKGROUND**

In 2003, Gamboa was found guilty of conspiracy to possess with intent to distribute methamphetamine and aiding and abetting in violation of 21 U.S.C. § 846, as defined under 21 U.S.C. § 841(a)(1), and 18 U.S.C. § 2 (Count 1s), possession of methamphetamine with intent to distribute and aiding and abetting in violation of 21 U.S.C. § 841(a)(1), 18 U.S.C. § 2 (Count 2s), simple possession of cocaine and aiding and abetting 21 U.S.C. § 844(a), 18 U.S.C. § 2 (Count 3s), using and carrying firearms during and in relation to a drug trafficking crime and aiding and abetting in violation of 18 U.S.C. § 924(a)(1)(A), 18 U.S.C. § 2 (Count 4s), possession of firearms in furtherance of a drug trafficking crime and aiding and abetting in violation of 18 U.S.C. § 924(a)(1)(A), 18 U.S.C. § 2 (Count 5s), possession of firearms and ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 6s), and possession

---

[1] Citations to documents filed in this case are styled as "Doc. __."

of firearms and ammunition by a fugitive from justice in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 7s) in the United States District Court for the District of North Dakota. *United States v. Gamboa,* No. 3:02-cr-00047 (d/e 305); Presentence Report at pp. 1-2 (Doc. 13).

Before trial, the government filed a notice of prior convictions pursuant to 21 U.S.C. § 851(a), alleging that Gamboa had three prior convictions for felony drug offenses as follows: (1) a felony conviction for a drug distribution conspiracy in violation of Minn. Stat. § 152.096, subd. 1, occurring between September 1994 and November 1995, involving cocaine, methamphetamine, and/or marijuana, entered on October 11, 1996, in Polk County District Court, Minnesota; (2) a felony conviction for a controlled substance offense in the 5th degree in violation of Minn. Stat. §§152.025, subds. 2(1) and 3(a), and 609.05 subd. 1, possession of a mixture containing cocaine occurring on or about September 13, 1995, entered on October 11, 1996, in Polk County District Court, Minnesota; (3) a felony conviction for delivery of a controlled substance (marijuana) in violation of North Dakota Century Code, §§ 19-01.1-05(5)(t), 19-03.1-23(1)(b), and 12.1-32-01(3), occurring on or about November 27, 1995, entered in Grand Forks County District Court, North Dakota, on October 23, 1996. *See* Resp. App. 3-4, Information filed in Criminal Case (Doc 11-1).

At sentencing, Gamboa argued that his prior offenses should not count as separate predicate felony convictions. However, the "court made specific findings that the North Dakota conviction for the delivery of marijuana in Grand Forks County and the drug conspiracy conviction in Polk County, Minnesota, were both separate predicate felony convictions for the purpose of enhancing the sentences on Counts One and Two." *United States v. Gamboa*, 439 F.3d 796, 813 (8th Cir. 2006).

At the time of sentencing, in 2002, the finding that Gamboa had "two or more prior convictions for a felony drug offense" meant he was subject to a mandatory term of life imprisonment without release pursuant to 21 U.S.C. § 841(b)(1)(A)(viii) on counts 1 and 2. Accordingly, he was sentenced to concurrent terms of life imprisonment on counts 1 and 2. Additionally, he was sentenced to 90 days' imprisonment on Count 3, 10 years' imprisonment on Counts 6 and 7, 30 years' imprisonment on Count 4, to be served consecutively to the sentences on Counts 1, 2, 3, 6, and 7, and life imprisonment on Count 5, to run consecutively to the term on Count 4.

Gamboa appealed and his conviction on Count 7 was vacated, but his sentence and conviction were affirmed in all other respects. *United States v. Gamboa*, 439 F.3d 796 (8th Cir. 2006). His Petition for Writ of Certiorari was denied by the Supreme Court on November 13, 2006. His Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody was denied on February 26, 2008, and the Eighth Circuit declined to issue a certificate of appealability. *Gamboa v. United States,* No. 09-1781 (8th Cir. Oct. 20, 2009). Gamboa has since filed numerous motions and petitions for post-conviction relief, all unrelated to the issues he has brought here. *See, e.g., Gamboa v. United States* No. 13–2674 (8th Cir. Oct. 20, 2013) (affirming dismissal of successive § 2255 motion brought without authorization); *Gamboa v. United States,* No. 12–3864 (8th Cir. Mar. 28, 2013) (denying application for successive § 2255 motion); *Gamboa v. Stine,* No. 6:07-cv-00002 (E.D.K.Y. Jan. 5, 2007) (denying § 2241 petition); *Gamboa v. Warden, FCC Coleman,* No 5:11-cv-00202 (M.D. Fl. May 20, 2011) (dismissing § 2241 petition). *Gamboa v. Krueger*, 668 Fed. Appx. 654 (7th Cir. Sep. 24, 2016) (affirming dismissal of § 2241 petition).

Gamboa filed this Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 on July 26, 2017. Relying on *Mathis v. United States,* 136 S.Ct. 2243 (2016), he argues that his prior convictions did not constitute felony drug offenses for the purposes of the sentencing enhancement under 21 U.S.C. § 841(b)(1)(A), as defined in 21 U.S.C. § 802(44). Accordingly, he argues, he should not have been subject to mandatory life sentences on Counts 1 and 2. He also challenges the district court's decision to withhold federal benefits from him for life pursuant to 21 U.S.C. § 862(a). The matter is fully briefed, and this Order follows.

## II. LEGAL STANDARD

Generally, federal prisoners who seek to collaterally attack their conviction or sentence must proceed by way of motion under 28 U.S.C. § 2255, the so-called "federal prisoner's substitute for habeas corpus." *Camacho v. English*, 16-3509, 2017 WL 4330368, at *1 (7th Cir. Aug. 22, 2017) (*quoting Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)). The exception to this rule is found in § 2255 itself: a federal prisoner may petition under § 2241 if the remedy under § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Under the "escape hatch" of § 2255(e), "[a] federal prisoner should be permitted to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). Thus, the Seventh Circuit has held that "alternative relief under § 2241 is available only in limited circumstances: specifically, only upon showing "(1) that he relies on 'not a constitutional case, but a statutory-interpretation case, so [that he] could not have invoked it by means of a second or successive section 2255 motion,' (2) that the new rule applies retroactively to cases on collateral review and could not have been invoked in his earlier proceeding, and (3) that the error is 'grave enough ... to be

deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding,' such as one resulting in 'a conviction for a crime of which he was innocent.'" *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016), *cert. denied sub nom. Montana v. Werlich*, 137 S. Ct. 1813, 197 L. Ed. 2d 758 (2017) (*citing Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)).

The "second condition has two components: retroactivity and prior unavailability of the challenge." *Montana,* 829 F.3d at 784. And this "second prong" of the "second condition" "is satisfied if '[i]t would have been futile' to raise a claim in the petitioner's original 'section 2255 motion, as the law was squarely against him.'" *Id.* (*citing Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (en banc)).

### III. DISCUSSION

Gamboa's primary argument is that he is entitled to relief under § 2241 because, in light of *Mathis v. United States,* 136 S. Ct. 2243 (2016), his prior convictions did not qualify as felony drug offenses for the purpose of the § 841(b)(1)(A) enhancement, as defined at 21 U.S.C. § 802(44). *Mathis* addressed whether a statute is divisible for the purposes of the categorical approach, and held that Iowa's burglary statute did not qualify as a predicate violent felony under the Armed Career Criminal Act because it applied to a broader scope of locations than generic burglary. 136 S. Ct. at 2250-51. Respondent argues that Gamboa's claims must be dismissed because they do not meet any of the conditions to proceed under the test to determine if § 2255 was "inadequate or ineffective to test the legality of his detention." While the Court finds that *Mathis* is a new case of statutory interpretation and is retroactive, the Court agrees that Gamboa's Petition must be dismissed as Gamboa's claims were previously available to him.

This Court previously held in *Pulliam v. Krueger,* No. 16-cv-1379, 2017 WL 104184 (C.D. Ill. Jan. 10, 2017), that *Mathis* is both a new rule of statutorily interpretation and is

5

retroactive. *Id.* at *2. However, the Court recognizes that district courts in the Seventh Circuit are split on this issue. *Compare, e.g., Wadlington v. Werlich*, No. 17–CV–449, 2017 WL 3055039, at *3 (S.D. Ill. July 17, 2017) (reasoning that *Mathis* satisfied the first two requirements to bring a § 2241 petition); *Winters v. Krueger*, No. 217CV00386, 2018 WL 2445554, at *2 (S.D. Ind. May 31, 2018) (same); *with Neff v. Williams*, No. 16–CV–749, 2017 WL 3575255, at *2 (W.D. Wis. Aug. 17, 2017) (*Mathis* "merely reaffirmed its 1990 holding in *Taylor*"); *Robinson v. Krueger*, No. 1:17–CV–01187, 2017 WL 2407253, at *5 (C.D. Ill. June 2, 2017) (same).

*Pulliam* relied on language in Seventh Circuit cases that together show that *Mathis* announced a new rule of statutory interpretation and that *Mathis* should be applied retroactively. *See Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) (*Mathis* "is a case of statutory interpretation," so claims based on *Mathis* "must be brought, if at all, in a petition under 28 U.S.C. § 2241."); *Jenkins v. United States*, No. 16–3441 (7th Cir. Sept. 20, 2016) ("*Mathis* is not amenable to analysis under § 2244(b) because it announced a substantive rule, not a constitutional one."); *Welch v. United States*, 604 F.3d 408, 415 (7th Cir. 2010) ("[A] statutory rule defining the scope of a sentencing enhancement that increases the maximum allowable statutory sentence on the basis of a prior conviction is properly classified as substantive"). *See also, Holt v. United States*, 843 F.3d 720, 722 (7th Cir. 2016) (noting that "substantive decisions such as *Mathis* presumptively apply retroactively on collateral review").

The Court still finds this analysis convincing and continues to hold that *Mathis* is a new case of statutory interpretation and applies retroactively. Therefore, the Court finds Gamboa meets the first condition, as well as the first prong of the second condition of the test to

determine if § 2255 was "inadequate or ineffective to test the legality of his detention." *See Montana,* 829 F.3d at 783

However, Gamboa's clam cannot proceed, as he cannot show that his claim was previously unavailable. A claim is previously unavailable "if '[i]t would have been futile' to raise a claim in the petitioner's original "section § 2255 motion, as the law was squarely against him." *Montana,* 829 F.3d at 784 (*citing Webster*, 784 F.3d at 1136). *See also, Morales v. Bezy*, 499 F.3d 668, 672 (7th Cir. 2007) ("Only if the position is foreclosed (as distinct from not being supported by—from being, in other words, novel) by precedent ..." can a petitioner satisfy the second prong of the test); *Ojeda v. Williams*, 734 F. App'x 370, 372 (7th Cir. 2018) (denying petitioner's *Mathis*-based § 2241 petition because "as a formal matter" the petitioner's *Mathis*-type argument "could have been raised on direct appeal or in a § 2255 motion within one year of [petitioner's] 2002 sentence").

Here, Gamboa argues that his argument was foreclosed because precedent in the Eighth Circuit interpreting *Taylor* permitted all alternatively phrased overbroad statutes to be treated as per se divisible. Specifically, Gamboa points to *United States v. Payton,* 918 F.2d 54 (8th Cir. 1990), which had been remanded by the Supreme Court after *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143 (1990), was decided. In *Payton*, the Eighth Circuit reviewed the same Iowa burglary statute that was later found indivisible and not subject to the modified categorical approach by the Supreme Court in *Mathis. Id.* at 55. The Eighth Circuit at that time looked to the charging paper and determined that the defendant was charged and convicted with burglary of a building. *Id.* at 56. Following this case, Gamboa argues, the Eighth Circuit consistently applied the modified categorical approach whenever a statute was alternatively phrased. *See, e.g., United States v. Cornelius*, 931 F.2d 490, 494 (8th Cir. 1991) (holding that the district court

7

errored when it believed that *Taylor* prevented it from looking beyond the defendant's guilty plea to determine whether the elements of the offense for which he was convicted constituted generic burglary). Notably, many of these cases on which Gamboa relies are entirely irrelevant regarding when to apply the modified categorical approach. *See e.g. United States v. Kriens*, 270 F.3d 597, 605 (8th Cir. 2001) (holding that "a criminal defendant's admission that he committed the crime of attempted burglary of a commercial building was [ ]sufficient to support a determination that the defendant had a qualifying burglary conviction"); *United States v. McCall*, 439 F.3d 967, 972 (8th Cir. 2006) (finding that the *Taylor*-approach applies to the "otherwise involves" provision of § 924(e)(2)(B)(ii)). More importantly, there is nothing in the cases Gamboa cites to that relates to the categorical approach as applied to felony drug offenses § 841(b)(1)(A) enhancement, or otherwise specifically forecloses Gamboa's argument that his drug convictions were under indivisible statutes.

  Moreover, Gamboa's argument is essentially that the Eighth Circuit foreclosed any and all *Mathis*-type arguments. However, the Seventh Circuit has already held that certain *Mathis*-type arguments were "as a formal matter" available in the Eighth Circuit prior to *Mathis* for the purposes of the § 2255(e) test. *See, e.g., Ojeda*, 734 F. App'x at 372. Gamboa has not pointed to any case foreclosing the more specific issue related to whether his state law drug offenses qualify as felony drug offenses. Gamboa, therefore, fails to satisfy the second condition of the test to determine if § 2255 was "inadequate or ineffective to test the legality of his detention."

  Under the third prong of the test, Gamboa argues that there has been a miscarriage of justice because the sentencing judge errored in finding he has two felony drug offenses and was subject to a mandatory life sentence under § 841(B)(1)(A). However, as the Court finds Gamboa's claim must be denied under the second condition of the § 2255(e) test, and the Court

finds determining whether Gamboa's predicate offenses are felony drug offenses may require further briefing in light of *United States v. Elder*, 900 F.3d 491, 501 (7th Cir. 2018), the Court declines to determine whether there has been a miscarriage of justice here.

Gamboa's also argues that his lifetime ban from receiving federal benefits as part of his sentence pursuant to 21 U.S.C. § 862(a) is similarly invalid in light of *Mathis,* as well as *Moncrieffe v. Holder*, 133 S.Ct. 1678 (2013). Like the sentencing enhancement under § 841(b)(1)(A)(viii), this statute also relied on his predicate convictions in Minnesota and North Dakota. Pursuant to § 862(a)(C), "any individual who is convicted of any Federal or State offense consisting of the distribution of controlled substances shall . . . upon a third or subsequent conviction for such an offense be permanently ineligible for all Federal benefits." *Id.*

Gamboa does not explain how *Mathis* or *Moncrieffe* impacts this analysis and the Court finds it does not. *Moncrieffe* dealt with the Immigration and Nationality Act's definition of "illicit trafficking in a controlled substance," which is further defined to "include[e] a drug trafficking crime (as defined in section 924(c) of title 18)." 18 U.S.C. § 1101(a)(43). The issue before the *Moncrieffe* Court was whether a state law conviction fit into the Immigration and Nationality Act's definition of "illicit trafficking in a controlled substance," which is further defined to "include[e] a drug trafficking crime (as defined in section 924(c) of title 18)." 18 U.S.C. § 1101(a)(43). By contrast, § 862(a) has no requirement that the predicate conviction fit within the definition of a specific federal offense. If Gamboa's state law convictions did not "consist of the distribution of controlled substances," that argument was previously available to him. Like his other argument, he has failed to point to any case foreclosing this claim other than his broad contention that all *Mathis*-type claims were unavailable. Accordingly, Gamboa has not

9

met the first two conditions of the test to determine if § 2255 was "inadequate or ineffective to test the legality of his detention" with regard to this claim, and it must also be dismissed.

## IV. CONCLUSION

For the reasons set forth above, Gamboa's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is DISMISSED.

Signed on this 28th day of February 2019.

*s/ James E. Shadid*
James E. Shadid
Chief United States District Judge