UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MICHAEL GERALD GAMBOA, | ) |
| Petitioner, | ) |
| v. | ) Case No. 17-cv-1346-JES |
| STEVE KALLIS, warden, | ) |
| Respondent. | ) |

## ORDER AND OPINION

Now before the Court is Petitioner Michael Gerald Gamboa's Motion for Reconsideration (Doc. [34]) and Motion for Resolution and/or Bifurcation and Certification of Claims for Appeal (Doc. [35]).  For the following reasons, Gamboa's Motion for Reconsideration (Doc. [34]) is GRANTED, the Judgment is VACATED, and the Clerk is DIRECTED to enter an Amended Judgment DENYING the Petition.  Gamboa's Motion for Resolution and/or Bifurcation and Certification of Claims for Appeal (Doc. [35]) is DENIED.

## I. BACKGROUND

Gamboa brought this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) challenging the validity of his sentence imposed by the United States District Court for the District of North Dakota.  While the background of Gamboa's criminal case is laid out in this Court's February 28, 2019 Order (Doc. 32), for convenience, the Court will restate the relevant background in this Order as well.  In 2003, Gamboa was found guilty of conspiracy to possess with intent to distribute methamphetamine and aiding and abetting in violation of 21 U.S.C. § 846, as defined under 21 U.S.C. § 841(a)(1), and 18 U.S.C. § 2 (Count 1s), possession of methamphetamine with intent to distribute and aiding and abetting in violation of 21 U.S.C.

§ 841(a)(1), 18 U.S.C. § 2 (Count 2s), simple possession of cocaine and aiding and abetting 21 U.S.C. § 844(a), 18 U.S.C. § 2 (Count 3s), using and carrying firearms during and in relation to a drug trafficking crime and aiding and abetting in violation of 18 U.S.C. § 924(a)(1)(A), 18 U.S.C. § 2 (Count 4s), possession of firearms in furtherance of a drug trafficking crime and aiding and abetting in violation of 18 U.S.C. § 924(a)(1)(A), 18 U.S.C. § 2 (Count 5s), possession of firearms and ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 6s), and possession of firearms and ammunition by a fugitive from justice in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 7s). *United States v. Gamboa*, No. 3:02-cr-00047 (D.N.D.) (d/e 305); PSR at 1-2 (Doc. 13).

Before trial, the Government filed a notice pursuant to 21 U.S.C. § 851(a), alleging that Gamboa had three prior convictions for felony drug offenses: (1) a conviction for a drug distribution conspiracy in violation of Minn. Stat. § 152.096, subd. 1, occurring between September 1994 and November 1995, involving cocaine, methamphetamine, and/or marijuana, entered on October 11, 1996, in Polk County District Court, Minnesota; (2) a conviction for a controlled substance offense in the 5th degree in violation of Minn. Stat. §§152.025, subds. 2(1) and 3(a), and 609.05 subd. 1, possession of a mixture containing cocaine occurring on or about September 13, 1995, entered on October 11, 1996, in Polk County District Court, Minnesota; and (3) a conviction for delivery of a controlled substance (marijuana) in violation of North Dakota Century Code, §§ 19-01.1- 05(5)(t), 19-03.1-23(1)(b), and 12.1-32-01(3), occurring on or about November 27, 1995, entered in Grand Forks County District Court, North Dakota, on October 23, 1996. *See* Resp. App. 3-4, Information filed in Criminal Case (Doc 11-1).

At sentencing, Gamboa argued that his prior offenses should not count as separate predicate felony convictions. However, the "court made specific findings that the North Dakota

conviction for the delivery of marijuana in Grand Forks County and the drug conspiracy conviction in Polk County, Minnesota, were both separate predicate felony convictions for the purpose of enhancing the sentences on Counts One and Two." *United States v. Gamboa*, 439 F.3d 796, 813 (8th Cir. 2006).

At the time of sentencing, in 2002, the finding that Gamboa had "two or more prior convictions for a felony drug offense" meant he was subject to a mandatory term of life imprisonment without release pursuant to 21 U.S.C. § 841(b)(1)(A)(viii) on Counts 1 and 2. Accordingly, he was sentenced to concurrent terms of life imprisonment on Counts 1 and 2. Additionally, he was sentenced to 90 days' imprisonment on Count 3, 10 years' imprisonment on Counts 6 and 7, 30 years' imprisonment on Count 4, to be served consecutively to the sentences on Counts 1, 2, 3, 6, and 7, and life imprisonment on Count 5, to run consecutively to the term on Count 4.

Gamboa appealed, and his conviction on Count 7 was vacated, but his sentence and conviction were affirmed in all other respects. *United States v. Gamboa*, 439 F.3d 796 (8th Cir. 2006). His Petition for Writ of Certiorari was denied by the Supreme Court on November 13, 2006. His initial Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence was denied on February 26, 2008, and the Eighth Circuit declined to issue a certificate of appealability. *Gamboa v. United States*, No. 09-1781 (8th Cir. Oct. 20, 2009). Gamboa has since filed numerous motions and petitions for post-conviction relief, all unrelated to the issues he has brought here. *See, e.g., Gamboa v. United States*, No. 13–2674 (8th Cir. Oct. 20, 2013) (affirming dismissal of successive § 2255 motion brought without authorization); *Gamboa v. United States,* No. 12–3864 (8th Cir. Mar. 28, 2013) (denying application for successive § 2255 motion); *Gamboa v. Stine*, No. 6:07-cv-00002 (E.D.K.Y. Jan. 5, 2007) (denying § 2241 petition);

*Gamboa v. Warden, FCC Coleman*, No 5:11-cv-00202 (M.D. Fl. May 20, 2011) (dismissing § 2241 petition). *Gamboa v. Krueger*, 668 Fed. Appx. 654 (7th Cir. Sep. 24, 2016) (affirming dismissal of § 2241 petition).

On July 26, 2017, Gamboa filed this Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Relying on *Mathis v. United States,* 136 S.Ct. 2243 (2016), he argued that his prior convictions did not constitute felony drug offenses for the purposes of the sentencing enhancement under 21 U.S.C. § 841(b)(1)(A), as defined in 21 U.S.C. § 802(44). Accordingly, he argued, he should not have been subject to mandatory life sentences. He also challenged the district court's decision to withhold federal benefits from him for life pursuant to 21 U.S.C. § 862(a).

On February 28, 2019, this Court dismissed Gamboa's Petition, finding he could not show his claims fell within the 28 U.S.C. § 2255(e) savings clause. *See* Order (Doc. 32). Specifically, this Court found that Gamboa's claim was not previously foreclosed. Judgment was entered on March 4, 2019 (Doc. 33). Gamboa timely filed his Motion for Reconsideration of the Court's Order under Fed. R. Civ. P. 59(e). (Doc. 34). He also filed a Motion for Resolution and/or Bifurcation and Certification of Claims for Appeal (Doc. 35), and a Notice of Reliance of Additional Authority seeking to rely on *United States v. Davis,* 139 S.Ct. 2319 (2019) (Doc. 36).

## II. DISCUSSION

**A. Gamboa's Motion for Reconsideration is Granted, But His Petition Still Must be Dismissed Pursuant to 28 U.S.C. § 2255(e).**

Gamboa's first motion is a Motion for Reconsideration brought pursuant to Fed. R. Civ. P. 59(e). (Doc. 34). In order "[t]o prevail on a Rule 59(e) motion, the moving party must clearly

establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Edgewood Manor Apartment Homes, LLC v. RSUI Indem. Co.*, 733 F.3d 761, 770 (7th Cir. 2013) (internal quotation omitted).); *see also Vesely v. Armslist LLC*, 2014 WL 3907114, * 3 (7th Cir. Aug. 12, 2014) ("[W]e have held that a Rule 59(e) motion is not to be used to 'rehash' previously rejected arguments"). Here, Gamboa argues that the Court misapplied the Seventh Circuit's standard for determining when a claim was previously foreclosed, that the Eighth Circuit case of *United States v. Payton,* 918 F.2d 54 (8th Cir. 1990), foreclosed his claim, and that the Seventh Circuit's decision in *Ojeda* is inapposite. The Court agrees that part of its Order could be read as misstating the law, and will clarify its reasoning here.

As stated in the Court's February Order, generally, federal prisoners who seek to collaterally attack their conviction or sentence must proceed by way of motion under 28 U.S.C. § 2255, the so-called "federal prisoner's substitute for habeas corpus." *Camacho v. English*, 16-3509, 2017 WL 4330368, at *1 (7th Cir. Aug. 22, 2017) (*quoting Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)). The exception to this rule is found in § 2255 itself: a federal prisoner may petition under § 2241 if the remedy under § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Under the "escape hatch" of § 2255(e), "[a] federal prisoner should be permitted to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). Thus, the Seventh Circuit has held that "alternative relief under § 2241 is available only in limited circumstances: specifically, only upon showing "(1) that he relies on 'not a constitutional case, but a statutory-interpretation case, so [that he] could not have invoked it by

means of a second or successive section 2255 motion,' (2) that the new rule applies retroactively to cases on collateral review and could not have been invoked in his earlier proceeding, and (3) that the error is 'grave enough ... to be 5 deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding,' such as one resulting in 'a conviction for a crime of which he was innocent.'" *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016), *cert. denied sub nom. Montana v. Werlich*, 137 S. Ct. 1813, 197 L. Ed. 2d 758 (2017), (*citing Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)).

In the Court's February Order, it found that Gamboa's claim could not meet this test because his claim was not previously unavailable. A claim is previously unavailable "if '[i]t would have been futile' to raise a claim in the petitioner's original "section § 2255 motion, as the law was squarely against him." *Montana,* 829 F.3d at 784 (*citing Webster*, 784 F.3d at 1136). *See also, Morales v. Bezy*, 499 F.3d 668, 672 (7th Cir. 2007) ("Only if the position is foreclosed (as distinct from not being supported by—from being, in other words, novel) by precedent . . ." can a petitioner satisfy the second prong of the test).

Gamboa argues that the Court made a manifest error of law in its February Order because it found that his claim needed to be "specifically foreclosed" to fall within the § 2255(e) savings clause requirements, when there is no such requirement. Gamboa cites *Light v. Carraway*, 761 F.3d 809, 813-14 (7th Cir. 2014), for support. There, the Seventh Circuit rejected the government's argument that the petitioner's claim was not foreclosed because the precedent relied on by the petitioner concerned whether the "specific offense of driving while intoxicated, not criminal vehicular operation," was a predicate violent felony under the Armed Career Criminal Act:

> Light's challenge was not foreclosed by specific precedent. However, this
> argument ignores the fact that the holding of *McCall* is phrased in sufficiently

> broad language that encompasses both criminal vehicular operation and driving while intoxicated—both crimes that are not "violent crimes of active aggression" like the enumerated crimes in the ACCA, such as burglary, extortion, or arson. And interpreting a court's statements of this nature to encompass categories of logically-related offenses, rather than only the specific offense in question, is indubitably the more economical use of judicial resources.

*Light*, 761 F.3d at 814.

The Court agrees that its previous order misstated the law to the extent it found that Gamboa was required to show case law that specifically addressed the exact argument he seeks to bring here: that his state law drug convictions were not felony drug offenses under the § 841(b)(1)(A) enhancement. Accordingly, the Court will grant Gamboa's motion for reconsideration in order to clarify its findings. If Gamboa could show that Eighth Circuit precedent broadly foreclosed any argument that an alternatively phrased statute could be indivisible under the categorical approach at the time of direct appeal and initial § 2255 motion, he may be able to show his narrower claim was also foreclosed. However, the Court does not find that Gamboa has made this showing either.

Gamboa argues that *United States v. Payton,* 918 F.2d 54 (8th Cir. 1990), while not directly addressing the specific claim he seeks to make here, used sufficiently broad language to foreclose any argument that any alternatively any phrased overbroad statutes could be divisible. However, Gamboa does not point to any "broad language" that could have foreclosed such an expansive category of arguments, nor does the Court find any. In *Payton*, the Eighth Circuit reviewed the same Iowa burglary statute that was later found indivisible and not subject to the modified categorical approach by the Supreme Court in *Mathis*. *Id.* at 55. The Eighth Circuit at that time looked to the charging paper and determined that the defendant was charged and convicted with burglary of a building. *Id.* at 56. It is true that the Eighth Circuit interpreted what *Mathis* later found indivisible as divisible, but it does not follow that *Payton* foreclosed such an

argument. Nothing in *Payton* indicates that the broad issue of whether alternatively phrased statutes could be divisible was even before the Eighth Circuit. Rather, the issue was whether the district court had erred in looking beyond the charging document and/or jury instructions to determine whether the defendant was charged and convicted with burglary of a building. *Id.* at 56.

In his Petition, Gamboa argued that, after *Payton,* the Eighth Circuit consistently applied the modified categorical approach whenever a statute was alternatively phrased. He cites to *United States v. Cornelius*, 931 F.2d 490, 494 (8th Cir. 1991), which held that the district court errored when it believed that *Taylor* prevented it from looking beyond the defendant's guilty plea to determine whether the elements of the offense for which he was convicted constituted generic burglary. Again, however, *Cornelius* does not include broad language that would have foreclosed Gamboa's *Mathis*-type claim.

Gamboa has also filed a Notice of Reliance seeking to rely on *United States v. Davis,* 139 S.Ct. 2319 (2019). *Davis* held that the categorical approach applies to the definition of violent felony in 18 U.S.C. § 924(c) and that the residual clause in § 924(c)(3)(B), which provides for longer prison sentences for anyone who uses a firearm in connection with federal crimes "that by [their] nature, involve[e] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," is unconstitutionally vague. *Id.* at 2324. Gamboa argues that, after *Davis,* the categorical approach must apply to the definition of felony drug offense for the purposes of 21 U.S.C. § 841(b)(1)(B). Accordingly, Gamboa argues that the Eighth Circuit precedent applying *Taylor* and the categorical approach apply to his claim as well. However, the Court has not disputed that the categorical approach applies to Gamboa's claims, and the Court's conclusions have assumed that it does. Rather, the Court finds that

Gamboa has not identified Eighth Circuit precedent that broadly foreclosed any argument that an alternatively phrased statute could be indivisible under the categorical approach at the time of his direct appeal and initial § 2255 motion, nor any other case law that would have foreclosed his claim. Accordingly, while the Court grants Gamboa's Motion for Reconsideration, the Court's decision remains the same: Gamboa's Petition must be denied as he has not shown his claim was previously foreclosed.

**B. Motion for Resolution and/or Bifurcation and Certification of Claims for Purposes of Appeal is Denied.**

Gamboa has also filed a Motion for Resolution and/or Bifurcation and Certification of Claims for Purposes of Appeal (Doc. 35). In this Motion, he claims that his Petition also raised an independent basis for relief based on the Supreme Court's decision in *Mellouli v. Lynch*, 135 S. Ct. 1980 (2015). The Court has reread his Petition (Doc. 1), and finds no reference whatsoever to this case. Respondent first noted the authority of this case in his Response in order to distinguish it. *See*. Resp. at 9-13 (Doc. 11). In Gamboa's Reply, he responds to Respondent's arguments and argues that *Mellouli* applies to his claims. Reply at 13, 21-22 (Doc. 15). At best, the Court could interpret Gamboa's argument in his Reply as a Motion to Amend, which the Court would deny as futile.

In *Mellouli*, the Supreme Court warned that the phrase "relating to" should not be given an overly broad meaning. In that case, Mellouli had been ordered deported based on the Board of Immigration Appeals' ("BIA") finding that his Kansas state misdemeanor for possession of drug paraphernalia made him removable under 8 U.S.C. § 1227(a)(2)(B)(i). *Mellouli*, 135 S. Ct. at 1983. Section 1227(a)(2)(B)(i) authorizes removal of any alien who has been "convicted of a violation . . . of any law or regulation of a State, the United States, or a foreign country relating

to a controlled substance (as defined in section 802 of Title 21)." At the time of Mellouli's conviction, the Kansas controlled substance schedules included at least nine substances that were not included in 21 U.S.C. § 802, and Mellouli had been convicted of using a sock to conceal one of the nine substances not on the federal schedule. *Mellouli*, 135 S. Ct. at 1984. Under the BIA's interpretation, a conviction for possessing the substance itself would not have made Mellouli removable, but his conviction for using the sock to conceal the substance did make him removable. *Id.* at 1988. The Supreme Court reversed, rejecting the argument "that any drug offense renders an alien removable without regard to the appearance of the drug on a § 802 schedule." *Id.* at 1990. It found that, while the words "relating to" are "broad" and "indeterminate," in the context of § 1227(a)(2)(B)(i), a narrower reading applied. *Id.* at 1990.

To the extent that Gamboa is seeking to argue that *Mellouli* provides an independent basis to invoke the § 2255(e) savings clause, the Court rejects this argument. While Gamboa's claim here also involves a statute using the term "relating to," *Mellouli* does not have any direct impact on the definition of felony drug offense in 21 U.S.C. § 802(44). As the Seventh Circuit has noted, courts have found that "the relatively unique facts of *Mellouli* do not counsel against a broad reading of the phrase "relating to" as used in [ ] similar statutory sentencing enhancements." *United States v. Geasland*, 694 Fed. Appx. 422, 437 (7th Cir. 2017), *cert. denied,* 138 S. Ct. 699, 199 L. Ed. 2d 574 (2018) (*citing United States v. Bennett*, 823 F.3d 1316, 1322–25 (10th Cir.) (collecting cases), *cert. denied*, 137 S.Ct. 319, 196 L.Ed.2d 232 (2016). Accordingly, while *Mellouli* may lend Gamboa's argument some support, it is not dispositive of Gamboa's case and does not independently allow his claim to proceed in under the § 2255(e) savings clause.

Moreover, Gamboa has not shown that an argument based on *Mellouli* would have been previously foreclosed. In fact, while *Mellouli* did overturn an Eighth Circuit decision, the Eighth Circuit had previously rejected a narrow interpretation of "relating to" in the definition of felony drug offense in § 802(44) in *United States v. Brown,* 598 F.3d 1013 (8th Cir. 2010). In *Brown,* the Eighth Circuit noted that "[e]ven a broad phrase has limits, and our analysis should not stop with the words "relating to" in isolation." *Id.* at 1016. Looking at the statutory history and applying the rule of lenity, it rejected a broad reading of "relating to" in § 802(44) that would have made an offense involving only simulated controlled substances an offense "relating to narcotics." *Id.* at 1016-1018. The Eighth Circuit was not overturning any precedent in this decision, nor has the Court located any previous decisions that would have foreclosed a narrow reading of "relating to" within the context of § 802(44). Accordingly, the Court finds that Gamboa's *Mellouli* argument was previously available to him as well.

To the extent, however, that Gamboa's present motion is simply seeking that this Court make a decision on the merits, the Court notes that a petitioner is not entitled to argue the merits of his claim "until he has opened the portal to a § 2241 proceeding by demonstrating that the savings clause of § 2255(e) applies to his claim." *Nix v. Daniels*, No. 215CV00066WTLDKL, 2016 WL 126415, at *3 (S.D. Ind. Jan. 11, 2016), *aff'd,* No. 16-2605, 2016 WL 9406711 (7th Cir. Nov. 23, 2016) (*citing Smith v. Warden, FCC Coleman–Low*, 503 Fed. Appx. 763, 765 (11th Cir. 2013)). Because the Court finds neither a *Mathis*-based claim nor a *Mellouli*-based claim will "open the portal" to § 2241, Gamboa's Motion (Doc. 35) is denied.

## IV. CONCLUSION

For the reasons set forth above, Petitioner Michael Gerald Gamboa's Motion for Reconsideration (Doc. [34]) is GRANTED, the Judgment is VACATED, and the Clerk is

DIRECTED to enter an Amended Judgment DISMISSING the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. [1]).  Petitioner's Motion for Resolution and/or Bifurcation and Certification of Claims for Appeal (Doc. [35]) is DENIED.

Signed on this 31st day of July 2019.

*/s/ James E. Shadid*
James E. Shadid
United States District Judge